UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JON D WEINBERG** *Plaintiff*  Vs,  **KIRSCHENBAUM & PHILLIPS PC HARVEST CREDIT LLC** *Defendant* | Case no. 1:11-CV-0215 (NAM/DRH)  **COMPLAINT**  *Jury Trial Demanded* |

Albany County      }
New York State    } ss:

Jon D Weinberg, the Plaintiff in this action, by his attorney, complains of the defendant by alleging and showing that:

### NATURE OF ACTION

1. This is an action to enforce the Fair Debt Collection Practice Act (FDCPA) 15 USC §1692 *et seq*,

### JURIDICTION AND VENUE

2. This Court has federal question jurisdiction under 15 USC §1692k (d) and 28 USC §1331. Declaratory relief is available per 28 USC §§ 2201 and 2202

3. Venue is proper in this district per 28 USC §1391 (b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because plaintiff lives in this district, defendant conducts business in this district and the injury occurred in this district.

**PARTIES**

4. At all relevant times:

    a. I am and was a resident of the Town of Halfmoon, Saratoga County, New York State, within this district,

    b. I am a" consumer" as that term is defined in the FDCPA, in that I am a natural person who allegedly owes a debt to another.

5. Upon information and belief, at all relevant time, the defendant Kirshenbaum & Phillips PC ( "KP") :

    a. is a New York professional corporation with a principal place of business at Levittown, Nassau County, New York;

    b. Is a "debt collector" as that term is defined in the FDCPA;

    c. Is in the business of collecting defaulted consumer debt for others by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

    d. conducts business in this District and has an agent in this District;

    e. Acted at the direction, supervision or approval of Harvest.

6. Upon information and belief, at all relevant time, the defendant Harvest Credit Management VII LLC ( "Harvest") :

   a. is a Colorado limited liability Company with a principal place of business at Denver , Colorado.

   b. Is a "debt collector" as that term is defined in the FDCPA;

   c. Is in the business of buying and collecting defaulted consumer debt by use of the mail, telephone, and the courts of New York and other means of interstate commerce;

   d. conducts business in this District and has an agent in this District;

   e. Hired KP to collect a debt from me and directed , supervised or approved KP's acts.

## FACTUAL ALLEGATIONS

7. On or about 5/4/10 Harvest hired KP to sue me in the Saratoga Springs City Court . A copy of the summons and complaint is attached as Exhibit A,

8. The subject of the lawsuit was an alleged credit card debt Harvest said it bought which (whether I owe it or not) is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services are primarily for personal, family, or household purposes, hence a "debt" as that term is defined by the FDCPA

9. The Saratoga Springs City Court derives its authority from Article VI, Section 17 of the New York State Constitution, which we ask the Court to take notice of.

10. According to the Constitution, city courts outside the city of New York have only those powers and jurisdiction the State Legislature gives to it. These powers and jurisdiction are found in the New York State Uniform City Court Act ( UCCA), of which we ask the Court to take notice of. As such, the Saratoga Springs City Court is a court of limited jurisdiction.

11. Geography is one of those limitations. UCCA §213 states in pertinent part:

>   (a) In an action described in §202,[1] either a plaintiff or a defendant *must*:
>
>   1. *be a resident of the city or of a town contiguous to such city, provided that such town is*
>   (i) *within the same county, and*
>   (ii) <u>*contiguous*</u> *to the city by land*, and
>
>   (iii) *not within either Nassau or Westchester counties; or*
>
>   2. *have a regular employment within the city; or*
>
>   3. *have a place for the regular transaction of business within the*

---

[1] UCCA 202 describes an action for the recovery of money.

*city.*

(b) A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city…

(d) *The requirements of this section* shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they *shall be deemed waived by the defendant unless he raises the objection by motion or in his responsive pleading* as prescribed in §1002 of this act. *Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section.* Any dismissal under this section shall entitle the parties to the benefit of CPLR S 205, relating to an extension of time to commence a new action. [2]

    a. In other words, to invoke the jurisdiction of the Saratoga Springs City Court, one of the parties must live or work within the City of Saratoga Springs, or live in a Saratoga County town that is contiguous by land to the City, i.e. Malta, Milton, Saratoga, Wilton, and Greenfield.

12. I do not live in the City of Saratoga Springs or a town contiguous by land to it. In fact, I live on Church Hill Rd in the Town of Halfmoon.

13. Halfmoon is in Saratoga County, but it is separated from Saratoga Springs by the Town of Malta.

14. KP and Harvest knew or had reason to know where I lived.

---

[2] Emphasis added. See Ex C for full text

15. KP and Harvest did not allege that I signed a contract or other document evidencing a debt to Harvest in the City of Saratoga Springs. In fact, I did not.

16. I have not/do not work or had a place for business in the City of Saratoga Springs, New York; I worked in Albany County.

17. KP and Harvest, in the complaint, never alleged that Harvest was a resident of Saratoga Springs or had a place of business in Saratoga Springs, as required by the UCCA §213. In fact, Harvest is a Colorado-based company organized under Colorado law.

18. Indeed, the complaint KP and Harvest filed did not allege any facts to support the City Court's jurisdiction under UCCA § 213

19. Harvest and KP could have sued me in the Supreme Court for Saratoga County, a court of general jurisdiction, but they did not.

20. Harvest and KP could have sued me in the Mechanicville City Court, as the Town of Halfmoon is contiguous by land to the City of Mechanicville, but they did not.

21. Harvest and KP could have sued me in the Halfmoon Justice Court, but they did not.

22. **I w**as served at my home on Church Hill Road , in the Town of Halfmoon.

23. As a result, I had to hire an attorney at a cost of $500.00 to defend me and bring a motion to dismiss the complaint on jurisdictional grounds, which the Saratoga Springs City Court granted on 11/30/10. A true copy of the Order is attached as Exhibit B.

### COUNT 1

*(Violation of the Fair Debt Collection Practices Act - improper venue)*

24. I reallege and reiterate the allegations of the preceding paragraphs;

25. Harvest and KP's actions in suing me in a judicial district ( i.e., the Saratoga Springs City Court) where I do not live nor where the alleged credit card contract sued upon was signed, violates 15 USC §1692i and 15 USC §1692f

### COUNT 2

*(Violation of the Fair Debt Collection Practices Act Deceptive/Unfair/Unconscionable collection practice)*

26. I reallege and reiterate the allegations of the preceding paragraphs;

27. Harvest and KP's acts of suing me in a judicial district ( i.e., the Saratoga Springs City Court) which did not have jurisdiction over me or the subject matter when it knew or should have known other courts in the county did, was deceptive, improper and unfair, violating 15 USC §1692e, 15 USC §1692e(5), 15 USC §1692f and 15 USC §1692i

28. Defendants' actions as alleged in the above Counts were frequent, intentional, and persistent.

29. As a result I have been damaged

**JURY DEMAND**

I respectfully request a trial by jury of all issues.

**WHEREFORE**, I ask the Court for judgment:

a. declaring the actions of the defendants in violation of the FDCPA ;
b. awarding me actual damages , including the amount of $500.00, jointly and severally;
c. awarding me statutory damages against each defendant per 15 USC §1692k;
d. awarding me costs and disbursements of this action, and reasonable attorney's fees ( per 15 USC § 1692k), jointly and severally, and
e. such other, further and different relief as the Court finds proper here.

DATED:    February 23, 2011

_____S/ Anthony J Pietrafesa _____
**ANTHONY J PIETRAFESA ESQ. (102368)**

*Attorney for the Plaintiff*
210 Bell Court
Schenectady NY 12303
518.218.0851
Fax: 518.514.1241
ajp@ajp1law.com

VERIFICATION

New York State        }
Albany County         } ss:

Jon D Weinberg, being duly sworn, deposes and says: I the plaintiff in this action, I have read the complaint, and the factual allegations contained in the complaint are true to my personal knowledge except for those based on my information and belief, and as to those I believe them to be true.

_____*s/ Jon D Weinberg*_____

Sworn to and Subscribed
Before me on  2/23/2011

*s/ Anthony J Pietrafesa*
_____
Anthony J. Pietrafesa
Notary Public Albany County
02PI6155974
My Commission exp. 11/20/2014